Henderson, Judge,
 

 delivered 1 he opinion ofthe Court as follows:
 

 Bank notes are public tokens, as much so as weights and measures, or the alnagcr’s seal; it is not necessary that they should have a common law existence, to make the obtaining property, by means of mere counterfeits at least, at common law, any more than if is, that a chattel should have had a common law existence, to make it the object, of trespass or larceny. It is sufficient that they have, no matter when, invented or discovered the qualities of a public token,
 
 i. e.
 
 calculated to inspire
 
 public confidence;
 
 in practice, they represent the coin of our country, and pass currently as money. Had this indictment therefore, charged that the notes passed to the prosecutor, bore the likeness and similitude of our common bank notes, and that the Defendant knew them
 
 *350
 
 to be
 
 worthless;
 
 I have not a doubt but that the conviction could have been sustained, and it appears fx’otn the evidence, that such was the case; but it is to the indictment we are j00¡Í9 to see what the Defendant lias done: in that, it is stated that the notes passed by the Defendant to the prosecutor, purported to be signed by one
 
 Randolph,
 
 and to be payable to bearer, and that they were worthless, without any averment or charge that they had any resemblance to bank notes. They are discovered therefore, to be nothing more than common promissory notes, made by an individual promising to pay money to the bearer. We cannot view such notes as public
 
 tokens;
 
 these are
 
 not
 
 the kind of notes which pass with us as money. I repeat it, that had it been averred, and had the Jury found, that they bore the resemblance of our common bank notes, and that the Defendant knew that they were w'orthless, the offence would have been complete at common law. Whether it comes within our statute, it is not necessary to decide, the indictment is not framed upon it.
 

 Judgment arrested.